**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| | : | |
| KEITH EDWARD JOHNSON, | : | Civil No. 09-5976 (RBK) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| N.J. STATE PAROLE BD., et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**APPEARANCES:**

KEITH EDWARD JOHNSON, #56086/254081A, Petitioner Pro Se
South Woods State Prison
215 Burlington Road South
Bridgeton, New Jersey  08320

**KUGLER**, District Judge

Keith Edward Johnson filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.

§ 2254(a) challenging the calculation of his term of imprisonment by the Classification System of

the New Jersey Department of Corrections and the New Jersey State Parole Board.  For the

reasons expressed below, and because the Petition, as drafted, shows that the claims were not

exhausted before the New Jersey courts, this Court will dismiss the Petition without prejudice as

unexhausted and deny a certificate of appealability.

### I.  BACKGROUND

Petitioner filed a § 2254 Petition challenging the "miscalculation of max-date."  (Docket

Entry #1 at p. 1, ¶ 1(f))  Specifically, Petitioner asserts that, while respondents calculated his

maximum date as April 3, 2015, he in fact completed serving his term of imprisonment on March 17, 2006.  Attached to the Petition are the following documents:

(1) Petitioner's letter dated April 2, 2009, to the Chairwoman of the New Jersey State Parole Board and the Classification Officer, in which Petitioner explains the alleged miscalculation of the sentence (Docket Entry #1-1 at pp. 1-4);

(2) Letter (Docket Entry #1-1 at p. 5) dated July 2, 2009, to Petitioner from Scott J. Dechen, Regional Supervisor, New Jersey State Parole Board, responding to Petitioner's letter and stating:

> Upon review of your letter, an inquiry was forwarded to the New Jersey Department of Corrections concerning the expiration of your state prison terms.  The resulting investigation performed by them has in fact revealed that you maxed on the state prison portion of your sentence effective March 18, 2006.  Therefore, effective that date, you reverted back to the Indeterminate portion of your sentence.  Your case is now being treated as a Young Adult case only by both the New Jersey Department of Corrections and the New Jersey State parole Board.

> Given this information, the New Jersey State Parole Board has amended your recent denial dated January 21, 2009 to having been decided by the Young Adult Panel.  The New Jersey State Parole Board has confirmed your new Tentative Release Date (TRD) as 5/12/2015 . . . .  In addition, your case has been submitted for an Annual Review.  Once the package is received from the Department of Corrections and the mental health evaluation is received for our clinician, you will be scheduled for your Annual Review at your assigned facility.

(3) Inmate Statement dated November 10, 2009 (Docket Entry #1-1 at p. 7);

(4) Inmate Progress Report (computer generated) dated October 23, 2009 (Docket Entry #1-1 at pp. 8-9);

(5) Petitioner's Administrative Appeal, dated September 15, 2009, to Full Parole Board from Panel Decision dated April 26, 2009 (Docket Entry #1-1 at pp. 10-12);

(6) Petitioner's Certification dated November 19, 2009 (Docket Entry #1-2, pp. 3-6).

Petitioner executed the § 2254 Petition presently before this Court on November 17, 2009.  The Petition raises the following grounds:

> **Ground One**:  I WAS SENTENCE[D] TO A 35-YEAR[]
> INDETERMINATE[] UNDER N.J.S.A. 2A: AND HAVE NOT
> BEEN AFFORDED EQUAL PROTECTION OF MID-TERM
> GOALS, N.J.S.A. 30:4-146 ET SEQ TO 56, AS MY OTHER
> COUNTER PARTS IN LIKE SENTENCING SCHEME.
>
> Supporting Facts:  . . . I maxed out, on the entire sentences of both
> sentences on March 18, 2006.  However the Defendants are now
> trying to claim that I still owe 9y 1m and 26d of the parole
> violation that was r[u]n consecutive[ly] by the sentencing court . . .
> .  NJSPB and the prison classification systems ha[ve] refused to
> properly calculate my sentence under N.J.S.A. enactment.
>
> **Ground Two**:  THE DEFENDANTS HA[VE] BREACHED
> [THEIR] MINISTERIAL FUNCTIONS AND IN DOING SO
> HAVE VIOLATED PLAINTIFF'S PROCEDURAL DUE
> PROCESS RIGHTS OF LAW.
>
> Supporting Facts:  I have presented these issues to the New Jersey
> State Parole Board, Southern State Classification, Southwoods
> Classification and the New Jersey State Attorney General Office, I
> have been told to wait pending review.  [P]ending review requires
> an[] indefinite time period. This was done on April 2, 2009.
>
> **Ground Three**:  ABRIDGEMENT OF LEGISLATIVE
> ENACTED CRIMINAL SENTENCING STATUTE.
>
> Supporting Facts:  . . . They aggregated that portion of plaintiff 2A:
> young adult indeterminate sentence of his parole violation; to his
> Adult 2C: flat 40 year sentence and in doing so changed his total
> parole eligibility of his flat 40 year sentence . . . .
>
> **Ground Four**:  CRUEL AND UNUSUAL PUNISHMENT,
> MISCALCULATION OF PLAINTIFF'S SENTENCE,
> RESULTING IN PLAINTIFF BEING HEL[]D IN PRISON
> BEYOND THE JUDICIAL AND STATUTORY LIMITATIONS
> OF HIS SENTENCE.

> Supporting Facts:  Defendants have violated plaintiffs Substantive
> law Rights and His Procedural Due Process Rights Holding
> Plaintiff well past his Max-Date of March 17, 2006 . . . and these
> defendants refuse to correct this mistake . . . .  [Petitioner] ask[s]
> that this court release him on this writ so he will not be harmed any
> further . . .

(Docket Entry #1 at pp. 4-5.)

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

4

The Supreme Court explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 . . . (1957).  Habeas Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  <u>See also</u> Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
>   A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.  If the court orders the State to file an answer, that pleading must "address the allegations in the petition."  Rule 5(b).

<u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005).

B.  Exhaustion

A district court may not grant a writ of habeas corpus releasing a prisoner under § 2254 unless the petitioner has exhausted state court remedies or such process is unavailable or ineffective to protect the petitioner's rights.  <u>See</u> 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); <u>Rhines v. Weber</u>, 544 U.S. 269 (2005); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997).  As explained below, this Court will dismiss the Petition without prejudice because Petitioner has not

exhausted his claims before the New Jersey courts or shown that exhaustion should be excused because such process is unavailable or ineffective.

Section 2254(b) provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted** unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B) (emphasis added).

Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."  Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted).  The statutory scheme under the AEDPA "reinforces the importance of Lundy's 'simple and clear instruction to potential litigants:  before you bring any claims to federal court, be sure that you first have taken each one to state court.'"  Rhines, 544 U.S. at 276-77 (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)).

6

The Exhaustion Doctrine requires a petitioner to fairly present each federal claim to each available level of the state court system, including the state's highest court.  See Baldwin v. Reese, 541 U.S. 27 (2004); O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Rose v. Lundy, 455 U.S. 509, 515 (1982); United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court.  O'Sullivan, 526 U.S. at 845; see also Baldwin, 541 U.S. at 29.

"To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999); accord Baldwin v. Reese, 541 U.S. 27 (2004); Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation and internal quotation marks omitted).

Under New Jersey law, an inmate such as Petitioner has the right to appeal final agency action (or inaction) by the New Jersey State Parole Board and/or the New Jersey State Department of Corrections to the New Jersey Superior Court, Appellate Division.  See N.J. Ct. R. 2:2-3(a)(2) ("[A]ppeals may be taken to the Appellate Division as of right . . . to review final decisions or actions of any state administrative agency or officer . . ."); Trantino v. N.J. State Parole Bd., 166 N.J. 113, 172-73 (2001); In re Hawley, 98 N.J. 108. 112 (1984).  And New

Jersey Court rules provide that appeals may be taken to the New Jersey Supreme Court on certification from final Appellate Division decisions.  See N.J. Ct. R. 2:2-1(b).

The Petition and attachments in this case show that Petitioner submitted an administrative appeal on September 15, 2009, to the full Parole Board, appealing the panel decision dated April 26, 2009.  However, the Petition does not reveal the outcome of the administrative appeal. Moreover, nothing in the Petition or attachments establishes that Petitioner appealed a final administrative determination regarding the calculation of Petitioner's release date to the Appellate Division of the New Jersey Superior Court and to the New Jersey Supreme Court.[1] Accordingly, 28 U.S.C. § 2254(b)(1) prohibits this Court from granting habeas relief to Petitioner, since Petitioner has not exhausted available New Jersey court remedies or shown that exhaustion is statutorily excused.  This Court will therefore dismiss the Petition without prejudice for failure to exhaust available state court remedies.

This Court, however, cannot rule out the possibility that Petitioner might have appealed to the Appellate Division and the New Jersey Supreme, and raised the federal issues presented in this Petition, and that the state courts denied relief.  This Court will accordingly grant Petitioner 30 days to file a written statement showing that Petitioner appealed to the Appellate Division and the New Jersey Supreme Court and specifying the claims Petitioner raised before these courts.[2] This Court will administratively terminate the case for statistical purposes, but will retain

_____

[1] This Court's independent electronic research of published and unpublished decisions of the Appellate Division and New Jersey Supreme Court available on Westlaw.com failed to locate any decision regarding Petitioner in 2009 or 2010.

[2] Petitioner should attach copies of the decisions of the Appellate Division and New Jersey Supreme Court with respect to his appeals.

8

jurisdiction over the Petition during this 30-day period, and will reopen the file to consider

Petitioner's arguments in the event that he raises them within this period.[3]

C.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final

order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that

"the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court

denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling").  This Court denies a certificate of appealability because jurists of reason

would not find it debatable that dismissal of the Petition as unexhausted is correct.

---

[3] This Court discerns no basis to stay the Petition pending exhaustion pursuant to Rhines
v. Weber, 544 U.S. 269 (2005), and Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009), but will not
prohibit Petitioner from filing a motion (within 30 days of the entry of the order accompanying
this Opinion) for a stay, which shows that a stay is necessary for statute of limitations purposes,
and warranted under the standard set forth in Rhines.  Where a stay is necessary for statute of
limitations purposes, Rhines mandates that a district court should grant a stay only where "the
petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially
meritorious, and there is no indication that the petitioner engaged in intentionally dilatory
litigation tactics."  Rhines, 544 U.S. at 278.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice as unexhausted and denies a certificate of appealability.


                        s/Robert B. Kugler
                        **ROBERT B. KUGLER, U.S.D.J.**

DATED:  May 26  , 2010